**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CLARENCE D. SCHREANE,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFF THOMAS, *et al.*,<br><br>    Defendants. | CIVIL ACTION NO. 3:CV-13-1057<br><br>(JUDGE CAPUTO)<br><br>(MAGISTRATE JUDGE BLEWITT) |

**MEMORANDUM**

Presently before the Court for review are Plaintiff's Motion to Appoint Counsel (Doc. 84), Magistrate Judge Blewitt's Report and Recommendation (Doc. 82) to Plaintiff's Amended Complaint (Doc. 81), and Plaintiff's Objections to the Report and Recommendation (Doc. 86). For the reasons that follow, counsel will not be appointed, the Report and Recommendation will be adopted, and the Amended Complaint will be dismissed with prejudice.

**I. Background**

Plaintiff commenced this action on April 23, 2013 against the following twelve (12) Defendants: Warden Jeff Thomas, Mr. Chambers; F. Entzel; CO Barbella; Ms. Heath; CO Shivery; Mr. Jordan; Mr. Brown; CO R. Haines; Jeff Campbell; unnamed Administrative Remedy Coordinator at Southeast Regional Office; and Harrell Watts. (Doc. 1.) The Complaint set forth due process, denial of medical care, and denial of access to the courts claims.

On July 23, 2013, Defendants filed a motion to dismiss and for summary judgment. (Doc. 24.) On October 18, 2013, Magistrate Judge Blewitt issued a Report and Recommendation recommending that Defendants' motion to dismiss and for summary judgment be granted in its entirety. (Doc. 44.) Magistrate Judge Blewitt further recommended that Plaintiff be given leave to file an amended complaint only with respect

to his First Amendment denial of access to courts claim and that his motion to add a new defendant be denied. (*Id*.)

By Memorandum Order dated May 6, 2014, I adopted Magistrate Judge Blewitt's Report and Recommendation. (Doc. 75.) That Memorandum Order stated, in pertinent part, that:

> (1) The Report and Recommendation (Doc. 44) is **ADOPTED** as follows:
>
>   (A) Defendants' Motion to Dismiss and for Summary Judgment (Doc. 24) is **GRANTED**.
>
>   (B) Plaintiff's claims against the currently named Defendants are **DISMISSED**.
>
>   (C) Plaintiff has **twenty-eight (28) days** from the date of entry of this Order to file an amended complaint stating a First Amendment denial of access to courts claim against the currently named Defendants.
>
> (2) Plaintiff may seek leave to amend his pleading to assert claims against individuals not named as defendants in this action within **twenty-eight (28) days** from the date of entry of this Order. . . .

(*Id*.)

Plaintiff subsequently filed an amended pleading entitled "Amended Complaint: First Amendment Denial of Access to Court." (Doc. 81.) However, Plaintiff did not seek leave to pursue claims against any individuals that were not named as Defendants in the initial Complaint.

As such, because Plaintiff did not seek leave to add any additional individuals as defendants in this action, Magistrate Judge Blewitt, consistent with the May 6, 2014 Memorandum Order, limited his screening of the Amended Complaint to a determination of whether Plaintiff stated an access to courts claim against any of the originally-named twelve (12) Defendants. (Doc. 82.)  And, based on his screening of the Amended Complaint, Magistrate Judge Blewitt recommends that Plaintiff's Amended Complaint be dismissed with prejudice for failure to state a claim.  Specifically, Magistrate Judge Blewitt

2

notes that Plaintiff fails to allege that any of the named Defendants were involved with the confiscation and destruction of his legal materials or that he lost any non-frivolous claim as a result of any conduct of Defendants.

On July 2, 2014, Plaintiff filed a Motion to Appoint Counsel (Doc. 84) and a Motion to Order Polygraph Examination (Doc. 85). Next, Plaintiff filed objections to the Report and Recommendation on July 17, 2014. (Doc. 86.) In his objections to the Report and Recommendation, Plaintiff notes that he is "not adding New Defendants." (*Id*. at 2.) Additionally, Plaintiff appears to object to Magistrate Judge Blewitt's conclusion that he failed to state Captain Enzel and Warden Thomas' personal involvement in the alleged First Amendment violation. (*Id*. at 5.) Plaintiff also objects to the conclusion that he failed to adequately allege that he lost a non-frivolous claim as a result of the confiscation and destruction of his legal material. (*Id*. at 4-5, 9-10.)

On July 31, 2014, Defendants filed a timely opposition to Plaintiff's objections to the Report and Recommendation. (Doc. 89.)

On August 25, 2014, Plaintiff filed a motion for leave to add an additional defendant. (Doc. 90.) The Report and Recommendation, Plaintiff's objections to the Report and Recommendation, and Plaintiff's outstanding motions are ripe for review.

**II. Legal Standard**

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D.

Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

### III. Discussion

First, Plaintiff's motion for counsel will be denied. A plaintiff in a civil case has no constitutional or statutory right to counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). The Court does not have the authority to compel a lawyer to represent an indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993). Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1), which only provides that the court "may request an attorney to represent any person unable to afford counsel," not that the court can order the attorney to do so. The Third Circuit Court of Appeals has cautioned that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1977).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel for a *pro se* litigant, *Montgomery*, 294 F.3d at 498, and the decision can be made at any point in the litigation. *Id*. at 503–04. As a threshold matter, the Court must assess whether the claimant's case has some arguable merit in fact and law. *Tabron*, 6 F.3d at 155. Here, because Plaintiff's First Amendment denial of access to the courts claim

4

will be dismissed with prejudice for the reasons set forth below, Plaintiff fails to demonstrate that his claim against the named Defendants has some arguable merit. Therefore, appointment of counsel is not warranted.

Second, Magistrate Judge Blewitt's recommendation to dismiss the First Amendment claim with prejudice will be adopted. "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996)). In cases where prisoners contend that the defendants' conduct inhibited their ability to present a past legal claim, they "must show (1) that they suffered an 'actual injury'- that they lost a chance to pursue a 'nonfrivolous" or "arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Id*. (quoting *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002)). "To that end, prisoners must satisfy certain pleading requirements: The complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id*. (citing *Christopher*, 536 U.S. at 416-17, 122 S. Ct. 2179).

Additionally, Plaintiff's *Bivens* claim "cannot rely on the theory of *respondeat superior*; that is, in a *Bivens* action 'masters do not answer for the torts of their servants.'" *Turney v. Attorney General*, 502 F. App'x 180, 182 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 675-77, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "A party may establish liability for deprivation of a constitutional right only through a showing of personal involvement by each defendant. Personal involvement may be shown through personal direction, actual participation in the alleged misconduct, or knowledge of and acquiescence in the alleged misconduct." *Id*. at 182-83 (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

I agree with Magistrate Judge Blewitt that Plaintiff fails to adequately allege that any of the named Defendants had personal involvement with the confiscation and destruction of his legal materials. First, with respect to Defendants Simmons, Campbell, Watts, Barbella, Chambers, Heath, Shivery, R. Haines, Jordan, and Brown, Plaintiff does not allege that they had any involvement in the actions which he contends violated his First Amendment rights. Thus, Plaintiff fails to state a claim against these ten Defendants.

Moreover, Plaintiff's claims against Captain Entzel and Warden Thomas are based on a *respondeat superior* theory. (Doc. 81, 7, 9.) Plaintiff's objections to the Report and Recommendation further confirm that his First Amendment claim against Captain Entzel and Warden Thomas are premised on a theory of *respondeat superior*. For example, as to Captain Entzel, Plaintiff asserts that "as captain of security, on Sept. 10, 2012, he knew or should have known that staff violated Mr. Schreane due process, he was knowledgeable of Mr. Schreane request for the surveillance videotape, and he was knowledgeable of the mass shakedown, and the legal book that was taken and the destruction of Mr. Schreane Black's Law Dictionary." (Doc. 82, 5.) Likewise, with respect to Warden Thomas, Plaintiff contends that his legal material was "destroyed by the property officer under the authority of Jeff Thomas, who was in fact notified, but to no avail." (*Id*.) Accordingly, because Plaintiff fails to allege that Captain Entzel and Warden Thomas had personal involvement in the claimed confiscation and destruction of his legal materials in violation of the First Amendment, the access to courts claim against these Defendants will be dismissed.

Lastly, Plaintiff will not be granted leave to further amend his pleading. Although the Third Circuit has instructed that a district court must permit a curative amendment if a claim is vulnerable to a 12(b) (6) dismissal, a court need not grant leave to amend if amendment would be inequitable or futile. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Shane v.*

*Fauver*, 213 F.3d 113, 116 (3d Cir.2000)).  Here, the deficiencies with respect to Plaintiff's access to courts claim were previously identified. (Doc. 45, 36 ("Plaintiff does not allege that any named Defendant in this case was involved with the confiscation and destruction of his legal property.").)  Yet, despite being informed of these defects, Plaintiff failed to correct them.  Leave to amend is therefore not warranted because further amendment would be futile. *See, e.g., Shelley v. Patrick*, 481 F. App'x 34, 36 (3d Cir. 2012) ("because Shelley was informed that his original complaint was deficient, and was given an opportunity to cure that deficiency but filed an amended complaint containing even fewer factual allegations than the original, the District Court was correct in dismissing his complaint without providing further leave to amend.").  And, because the Amended Complaint will be dismissed with prejudice and the action will be closed, Plaintiff's request to add a new individual as a defendant in this litigation will be denied as moot.

### IV. Conclusion

For the above stated reasons, Plaintiff's motion for appointment of counsel will be denied, the Report and Recommendation will be adopted, the Amended Complaint will be dismissed, and the Clerk of Court will be directed to mark the case as closed.

An appropriate order follows.


September 4, 2014                                          /s/ A. Richard Caputo
Date                                                              A. Richard Caputo
                                                                      United States District Judge

7